# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-40418
Summary Calendar

Lyle W. Cayce
Clerk

ANGELA CHRISTINE BASHORE,

Plaintiff - Appellant

v.

RESURGENT CAPITAL SERVICES, L.P.; LVNV FUNDING, L.L.C.; FINANCIAL RECOVERY SERVICES, INC.; ACADEMY COLLECTION SERVICE, INC.; RLI INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-585

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Angela Christine Bashore appeals the dismissal, under Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim), of her action based on: Fair Debt Collection Practices Act (FDCPA); Fair Credit Reporting Act (FCRA); Texas Debt Collection Practices Act (TDCPA); Texas Deceptive Trade Practices Act (TDTPA); and, negligence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defamation under Texas law. Bashore contends: the district court erroneously applied a heightened pleading standard; and, she pleaded sufficient facts to support her claims.

A dismissal for failure to state a claim is reviewed *de novo*; all well-pleaded facts are accepted as true and viewed in the light most favorable to plaintiff. *E.g.*, *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted). The district court correctly applied that standard and, additionally, recognizing Bashore's *pro se* status, allowed her to file an amended complaint, after determining the original complaint was conclusional.

Bashore reiterates the allegations raised in her complaint: she owed no debt; appellees ignored her letters of dispute; and, they continued collection activities after her dispute-notification.

First, the district court did not err in dismissing Bashore's FDCPA claims. Regardless of whether a debt existed, it was not a violation of FDCPA for appellees to send Bashore written communications regarding the claimed debt. *See* 15 U.S.C. § 1692g. Nor does FDCPA require the debt collector to respond by letter of verification to the consumer's letter of dispute; the debt collector is instead required only to cease collection of the debt until verification of the debt is obtained. 15 U.S.C. § 1692g(b). Bashore's allegation that Financial Recovery Services, Inc. (FRS), failed to cease collection activities after notification of her dispute was rejected by the district court on the basis that Bashore did not allege she notified FRS of the dispute within the 30-day period established by FDCPA. 15 U.S.C. § 1692g(a)(3), (b). Along that line, Bashore's general allegations that appellees failed to cease collection efforts after notification of her dispute are

unsupported by specific factual allegations in her complaint that permit our court to infer more than the mere possibility of misconduct. *See Iqbal*, 129 S. Ct. at 1950 ("the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief'").

Regarding her FCRA claim, 15 U.S.C. § 1681s-2(b)(1), Bashore again has not alleged sufficient facts to show a violation. Her assertion that the statute mandates that the allegedly inaccurate information be deleted from her credit reports on account of her dispute is inaccurate.

Bashore next contends TDCPA required an investigation and response by appellees to her letter of dispute. *See* TEX. FIN. CODE § 392.202(a), (b). Her complaint, however, verifies that Bashore received notice from TransUnion and Experian regarding the results of their investigation of the debt reported by appellee LVNV Funding, L.L.C. Thus, the district court did not err in dismissing Bashore's TDCPA claim. Moreover, as Bashore's purported TDCPA claim is the sole basis on which she contends she has stated a TDTPA claim, she has shown no error in the dismissal of the TDTPA claim.

Bashore's allegations of publication of false information are conclusional and, thus, insufficient to defeat a motion to dismiss her defamation claim. *Iqbal*, 129 S. Ct. at 1949. Finally, the dismissal of Bashore's negligence claim was not error, as she pleaded no facts plausibly giving rise to an entitlement to relief on the basis of a breach of duty. *See, e.g.*, *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 591 (Tex. Ct. App. 2008).

AFFIRMED.